IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID MARK HARDY, #14486-078 | § | |
| | | |
| VS. | § | CIVIL ACTION NO. 4:12cv259 |
| | | CRIMINAL ACTION NO. 4:07cr76(4) |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant, an inmate confined in FCI Beaumont-Medium, in Beaumont, Texas, proceeding *pro se*, filed this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Background

Movant is challenging his conviction for conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. On June 29, 2009, he was sentenced to 360 months of imprisonment. The Fifth Circuit Court of Appeals affirmed Movant's conviction on August 26, 2010. The United States Supreme Court then denied his petition for writ of certiorari on November 4, 2010. The present petition was filed on May 2, 2012. Movant executed his motion on April 18, 2012. Thus, he could not have placed the motion in the prison mailing system at any time prior to that date. Accordingly, his motion is deemed filed on April 18, 2012, in accordance with the "mailbox rule." *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Movant alleged that he is entitled to relief based on four issues concerning the constitutionality of his sentence.

<u>Antiterrorism and Effective Death Penalty Act of 1996</u>

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. A one year statute of limitations was enacted for motions to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255. In general, a movant for collateral relief has one year from "the date on which the judgment became final" to file a motion challenging a conviction. A conviction is final under § 2255 when a defendant's options for further direct review are foreclosed. *United States v. Gamble*, 308 F.3d 536, 537 (5th Cir. 2000); *United States v. Thomas*, 203 F.3d 350, 352 (5th Cir. 2000).

In the present case, the United States Supreme Court denied Movant's petition for writ of certiorari review on November 4, 2010. When a federal criminal defendant files a timely petition for writ of certiorari review on direct appeal and that petition is subsequently denied by the Supreme Court, the federal judgment of conviction becomes final for purposes of the one-year-limitation period set forth in § 2255(1) on the date that the Supreme Court denies the defendant's petition for writ of certiorari on direct review. *Thomas*, 203 F.3d at 356. The Supreme Court denied Movant's petition for writ of certiorari on November 4, 2010; thus, Movant's motion had to be filed with this Court no later than November 4, 2011. Movant did not file his motion until April 18, 2012 – five months and fourteen days beyond the limitation period. His motion is therefore untimely and barred by the applicable limitations period and should be dismissed.

Movant has made no showing that unconstitutional government action prevented him from seeking administrative or federal habeas corpus relief in a timely manner, or that he is asserting a newly recognized constitutional right. Neither has he shown that he could not have discovered the factual predicates of his claims through exercise of due diligence until a later time.

Furthermore, Movant has not shown any basis upon which the limitations period should be equitably tolled. The United States Supreme Court confirmed that the AEDPA statute of limitation is not a jurisdictional bar, and it is subject to equitable tolling. *Holland v. Florida*, 560 U.S. —, 130

S. Ct. 2549, 2560, 177 L. Ed.2d 130 (2010). "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoting *Holland*, 130 S. Ct. at 2562). "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 20902). The petitioner bears the burden of proving that he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

The Fifth Circuit has held that the district court has the power to equitably toll the limitations period in "extraordinary circumstances." *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir.1998). In order to qualify for such equitable tolling, the petitioner must present "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir.1998). In making this determination, it should be noted that the Fifth Circuit has expressly held that proceeding *pro se,* illiteracy, deafness, lack of legal training, unfamiliarity with the legal process, and claims of actual innocence are insufficient reasons to equitably toll the statute of limitations. *Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir.2000).

As a general rule, equitable tolling has historically been limited to situations where the petitioner "has actively pursued his judicial remedies by filing a defective proceeding during the statutory period, or where the [petitioner] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed.2d 435 (1990). Furthermore, equitable tolling cannot be used to thwart the intent of Congress in enacting the limitations period. *See Davis*, 158 F.3d at 811 (noting that "rare and exceptional circumstances" are required). At the same time, the Court is aware that dismissal of a first federal habeas petition is a "particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Lonchar v. Thomas,* 517 U.S. 314, 324, 116 S. Ct. 1293, 134 L. Ed.2d 440 (1996).

Movant has not shown any basis for extending the commencement of the statute of

limitations. He has not shown he is entitled to equitable tolling. Movant filed his motion 166 days too late; consequently, the motion should be dismissed as time-barred.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed.2d 542 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

It is respectfully recommended that reasonable jurists could not debate the denial of the

Movant's § 2255 motion on procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 134, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that the Court find that Movant is not entitled to a certificate of appealability as to his claims.

## Recommendation

It is recommended that the above-styled motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be denied and that this case be dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 11th day of October, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE